UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:

**CYNTHIA DRINKARD,**

    **Plaintiff,**

**v.**

**VIKING CLIENT SERVICES, INC., a Minnesota Corporation**

    **Defendant**

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant has a registered agent in Colorado located at 3605 Mead Street, Fort Collins, Colorado 80526.

## PARTIES

8. Plaintiff Cynthia Drinkard is a natural person who resides in the City of Golden, County of Jefferson, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant Viking Client Services, Inc. (hereinafter "Defendant") is a Minnesota corporation operating from an address of 7500 Office Ridge Circle, Eden Prairie, Minnesota 55344 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. The Defendant is registered as a debt collection company with the Office of the Colorado Attorney General's licensing division, license number 101626.

## FACTUAL ALLEGATIONS

11. Beginning on or near February 19, 2014 the Defendant began contacting the Plaintiff on her home telephone, demanding payment for a debt.

12. The alleged debt stems from a previous Citi Bank consumer credit card account that the Defendant claims is in default and owing on by the Plaintiff.

13. The disputed debt meets the definition of consumer debt, 15 U.S.C. §1692a(5).

14. The Plaintiff disputes that she owes this debt and has told the Defendant that she disputes this debt.

15. In addition to contacting the Plaintiff on her telephone, the Defendant has also contacted the Plaintiff's daughter.

16. During the telephone call with the Plaintiff's daughter, the Defendant reveled during the telephone call that it was a debt collector.

17. The FDCPA prohibits debt collector from communicating with anyone concerning a consumer debt except the consumer, the consumer's lawyer or a consumer credit reporting bureau, see 15 U.S.C. §1692c(b).

18. During each of the telephone calls that were made by the Defendant to the Plaintiff, the Plaintiff advised the debt collector that she disputed the debt and that she was not going to make any payments.

19. The Plaintiff demanded that the debt collector stop contacting her on her telephone.

20. The agent/employee of the debt collector acknowledged that the Plaintiff wanted no further telephone calls but then argued with the Plaintiff that the telephone was only way in which the debt collector could communicate with her.

21. The above statement demonstrates harassing, abusive and/or oppressive conduct in violation of 15 U.S.C. §1692d.

22. The statement that the debt collector could only communicate by telephone is false, misleading and untrue as the debt collector knew that communication with the Plaintiff could easily be accomplished by written correspondence.

23. Using false, misleading and deceptive information in the collection of debt by a debt collector violates the FDCPA, 15 U.S.C. §1692e.

24. In a letter sent by the Defendant to the Plaintiff, dated February 19, 2014, the Defendant states "*Citibank, N.A. has assigned the above account to Viking Credit Services, Inc. for collection and is due in full.*"

25. Upon information and belief, the Plaintiff asserts that the statement referenced above is false, misleading and untruthful.

26. Upon information and belief, the Plaintiff asserts that the Defendant is a debt buyer, who purchases charged off debt for deeply discounted rates and then uses the tools of debt collection to make sizable profits.

27. The claim that the Defendant is an assignee of Citibank, N.A. is false, misleading and untruthful and violates the FDCPA, 15 U.S.C. §1692e.

28. During one of the telephone calls placed by the Defendant to the Plaintiff, the employee/agent of the Plaintiff said that he "had been hired by Citibank to collect the debt."

29. Again, the statement above, based upon information and belief of the Plaintiff, is false, misleading and untrue and violates 15 U.S.C. §1692e.

30. After being told by the Plaintiff that she disputed the debt, refused to pay the Defendant any money and directed the Defendant to cease further communication, the Defendant persisted in their efforts of harassing the Plaintiff by making repeated telephone contact with her.

31. The Defendant has sent no less than three letters to the Plaintiff, each of them claiming a different "Account Balance" owed.

32. The FDCPA prohibits a debt collector from collecting, or attempting to collect, any amount greater than the underlying agreement creating the debt allows for, or which is allowed for by law.

33. Because the Defendant lacks privity to any alleged agreement, its effort to collect anything more than the amount of the charged off debt violates the FDCPA, 15 U.S.C. §1692f(1).

34. Colorado law states that a person commits the crime of harassment if, with the intent to harass, annoy, or alarm another person, he or she makes a telephone call or causes a telephone to ring repeatedly, whether or not a conversation ensues, with no purpose of legitimate conversation, see <u>18-9-111(f), Colo. Rev. Stat.</u>

35. After the Defendant was advised that the Plaintiff no longer wanted the Defendant to contact her via telephone, the Defendant's continued contact is harassment and in violation of Colorado law.

36. The repeated, unwanted telephone calls placed to the Plaintiff by the Defendant are harassing, annoying and have caused alarm with the Plaintiff.

37. The FDCPA prohibits a debt collector from using unconscionable means to collect a debt, see 15 U.S.C. §1692 f.

38. Violating state law to collect a debt is unconscionable.

### *Respondeat Superior Liability*

39. The acts and omissions of the individual collectors, acting as agents employed by Defendant, who communicated with Plaintiff as further described herein, was

committed within the time and space limits of the agency relationship with its principal, Defendant.

40. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

41. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit its principal, Defendant.

42. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## **CAUSES OF ACTION**

### **COUNT I.**

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

45. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. For compensatory damages;
2. For statutory damages;
3. For injunctive relief, restitution, and disgorgement of ill-gotten gains;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Law Office of Troy D. Krenning, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troy@krenninglaw.com

Attorney for Plaintiff